IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHAWN WALLACE,                                  :
       Plaintiff                              :
    v.                                           : Case No. 3:23-cv-114-KAP
SUPERINTENDENT D. OBERLANDER,   :
S.C.I. FOREST, *et al.*,                         :
       Defendants                         :

### Memorandum Order

    In early June 2023, plaintiff, an inmate at S.C.I. Forest, filed a 9-page complaint dated May 31, 2023 relating to a use of force against him on April 19, 2022. The case was originally closed for failure to pay the filing fee or submit a motion to proceed *in forma pauperis,* then reopened upon the filing of a motion and inmate account statement in June 2023. The first motion to proceed *in forma pauperis* was denied. A second motion with an updated inmate account statement filed in mid-July 2023 was granted.

    Meanwhile, in late June 2023 plaintiff filed a 15-page amended complaint dated June 25, 2023 at ECF no. 8. The original complaint had Exhibits A through K attached to it. The amended complaint had Exhibits L through P and a 29-page exhibit marked Exhibit AA-AK attached to it.

    In my order granting leave to proceed *ifp* I advised plaintiff that he needed to send complete copies of his amended complaint for each defendant. ECF no. 15. Although the Clerk's Office docketed all the exhibits with the amended complaint at ECF no. 16, the Clerk's Office will not act as a litigant's paralegal by assembling a complaint for service out of pieces of documents submitted at separate times.

    Plaintiff sent more exhibits piecemeal at ECF no. 17, then filed "Statewide Permanent Injunction on Oleoresin Capsicum" which could be taken as a motion or as an amendment to the relief sought in the complaint. Plaintiff then filed a flurry of motions including a motion at ECF no. 21 to amend the complaint yet again (the new 15-page complaint is dated July 22, 2023 and contains 1 37-page exhibit, Exhibit BE), a motion for reduction of copies at ECF no. 24 to be relieved from providing service copies of his complaint, a motion at ECF no. 27 styled "Motion of Contempt of Court," seeking court intervention in what plaintiff alleges is an arithmetic error in the prison's inmate accounts office, and several more new sets of exhibits. Plaintiff's most recent motion at ECF no. 31 is styled "Motion for Clarity," in which plaintiff asks why he has not been contacted by defense counsel.

The pending motions are denied and granted as follows: ECF no. 18 makes no attempt to comply with Fed.R.Civ.P. 65 so I interpret it as an attempt to amend the relief sought in the complaint. It is denied as a motion.

The motion to amend the complaint at ECF no. 21 is granted as follows: plaintiff must submit one unified Second Amended complaint containing all of his exhibits. The Clerk will not file the proposed amended complaint and assemble exhibits from previous editions or exhibits that have been sent in piecemeal. This is the last amendment that will be granted and no exhibits will be considered that are not filed with the Second Amended Complaint. The Second Amended Complaint must be a short plain statement of facts supporting this court's jurisdiction and the claims for relief against each named defendant. Each defendant should be separately identified at the outset, preferably in separate paragraphs explaining who each defendant is. Plaintiff's current versions are difficult to decipher because a person named in the caption may not appear again in the narrative or be referred to only by category.

The "Motion of Contempt" at ECF no. 27 is denied. If plaintiff cannot resolve his disagreement with inmate accounts he is welcome to file a separate complaint complying with the Prison Litigation Reform Act, but the pending matter does not make this court plaintiff's ombudsman to resolve every successive complaint that plaintiff may have.

The Motion for Clarity at ECF no 31 can be terminated as moot, and the Motion for Reduction of Copies at ECF no. 24 is denied. The complaint will not be served until it is screened under the PLRA, and I cannot hit a moving target: plaintiff has to submit a complaint with exhibits, not send papers to the Clerk's Office at various times and expect the Clerk or Court to assemble a complaint for him. Plaintiff, indigent or not, will have to submit a copy of the complaint and its exhibits for each defendant that I order to be served.

Finally, with the Second Amended Complaint, which is due on or before October 31, 2023, plaintiff shall return the consent form sent to him on June 7, 2023.

DATE: October 3, 2023

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

Shawn Wallace NW-6861
S.C.I. Forest
P.O. Box 945
286 Woodland Drive
Marienville, PA 16239