IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN WALLACE, | : |
|     Plaintiff | : |
|     v. | : Case No. 3:23-cv-114-KAP |
| SUPERINTENDENT D. OBERLANDER, | : |
| S.C.I. FOREST, *et al.*, | : |
|     Defendants | : |

Memorandum Order

Plaintiff's motion for appointment of counsel, ECF no. 41, is denied. Local Civil Rule 10.C provides that "[a]bsent special circumstances, no motions for the appointment of counsel will be granted until after dispositive motions have been resolved." The local rule reflects the experience-based judgment of the District Court that, given the few attorneys who have expressed willingness to represent inmates *pro bono*, counsel should be reserved for cases pending trial.  This matter has not even progressed to having Wallace provide a complete copy of his complaint and there are no special circumstances here: almost all requests for counsel come from indigent inmates, most of whom use the same template that Wallace uses for his motion.

Having had his previous motion to be exempted from providing service copies denied (that is, to have the Clerk's Office do free copy work for him, *see* ECF no. 24, ECF no. 32), Wallace then filed what he styled as "Motion for the Clerk" at ECF no. 43, attempting to bypass the Court. Wallace asks the Clerk to "re-Ject" my order and assemble a complaint out of what Wallace says are the 66 exhibits he has sent to the Clerk at various times, make service copies for him, complete the necessary service paperwork, and serve all 49 defendants. That motion is denied. Any future motion addressed to the Clerk and not the Court is denied without need of further order.

As I stated on October 3, 2023, "the complaint will not be served until it is screened under the PLRA, and I cannot hit a moving target: plaintiff has to submit a complaint with exhibits, not send papers to the Clerk's Office at various times and expect the Clerk or Court to assemble a complaint for him. Plaintiff, indigent or not, will have to submit a copy of the complaint and its exhibits for each defendant that I order to be served." Two weeks later Wallace sent a proposed Second Amended Complaint, docketed at ECF no. 35, with no exhibits. Two weeks after that, Wallace sent in 88 pages of exhibits (labeled Exhibits A-P, Exhibits 1-3, Exhibit BB, and Exhibit X, docketed at ECF no. 42. If that is what Wallace intends to be his Second Amended Complaint, that is what I will screen. If Wallace does not submit a complete complaint and exhibits by the due date of November 30, 2023 (or ask for more time) I will deem ECF no. 35 and ECF no. 42 to be the best

1

effort that Wallace intends to make at submitting a Second Amended Complaint. Neither I nor the Clerk will act as Wallace's paralegal and attempt to assemble a complaint out of the paperwork Wallace has sent over the last few months.

DATE: November 28, 2023

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

Shawn Wallace NW-6861
S.C.I. Forest
P.O. Box 945
286 Woodland Drive
Marienville, PA 16239